UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

LEON G. TSINBERG,

                     Plaintiff,

  -v-                                        CIVIL ACTION NO.: 20 Civ. 749 (PAE) (SLC)

CITY OF NEW YORK,                           **ORDER**

                     Defendant.
_____

**SARAH L. CAVE,** United States Magistrate Judge.

      The Court held a Telephone Conference today with the parties concerning Defendant's Motion to Stay Discovery ("Motion to Stay") (ECF No. 38) pending the Court's ruling on Defendant's Motion to Dismiss the Amended Complaint ("Motion to Dismiss") (ECF No. 25). For the reasons that follow, Defendant's Motion to Stay is GRANTED IN PART AND DENIED IN PART.

**I.    Procedural Background**

      Pro se Plaintiff Leon Tsinberg's complaint was filed on January 28, 2020. (ECF No. 1). On February 11, 2020, the undersigned was referred for general pretrial matters (ECF No. 5), and the referral was amended twice to include dispositive motions. (ECF Nos. 19, 29). Defendant moved to dismiss the original complaint on May 7, 2020 (ECF No. 15), and in response, Plaintiff filed the Amended Complaint. (ECF No. 22). On August 3, 2020, Defendant filed the Motion to Dismiss (ECF No. 25), which Plaintiff opposed (ECF No. 31). While the Motion to Dismiss was pending, Plaintiff filed a letter (which the Court construes broadly as a Letter-Motion for a Discovery Conference pursuant to Local Rule 37.2) requesting "preliminary" discovery in 41 categories. (See ECF No. 34). Defendant responded, after receiving Court approval (see ECF No. 37), by filing the Motion to Stay (ECF No. 38). Subsequently, the Court ordered the parties to confer and file

a Joint Letter concerning limited fact discovery to be exchanged while the Motion to Dismiss is pending. (See ECF No. 41). On November 16, 2020, the parties filed the Joint Letter (ECF No. 42), and at today's conference the parties clarified the categories of discovery which they agree to exchange while the Motion to Dismiss is pending.

**II.     Discussion**

On a showing of good cause, a district court "has considerable discretion to stay discovery" pursuant to Federal Rule of Civil Procedure 26(c). Shulman v. Becker & Poliakoff, LLP, No. 17 Civ. 9330 (VM) (JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018); Rep. of Turkey v. Christie's, Inc., 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018); In re: Platinum & Palladium Commodities Litig., No. 10 Civ. 3617 (WHP), 2010 WL 11578945, at *1 (S.D.N.Y. Nov. 30, 2010). Pursuant to this discretion, District Courts may "stay discovery when resolution of a preliminary matter may dispose of the entire case." Thrower v. Pozzi, No. 99 CIV. 5871 (GBD), 2002 WL 91612, at *7 (S.D.N.Y. Jan. 24, 2002).

Here, the Court finds that there is good cause to stay discovery pending a ruling on the Motion for Dismiss (ECF No. 25) because granting the Motion to Dismiss could dispose of the entire case. Accordingly, except as noted below, discovery is STAYED pending a ruling on the Motion to Dismiss.

In light of the parties' agreement to engage in limited discovery, the Court ORDERS that discovery of the following documents or categories of information proceed while the Motion to Dismiss is pending a ruling:

1. Production of documents in Defendant's possession or custody pertaining to the seizure of Plaintiff's vehicle ("the Vehicle"), including parking tickets and challenges to parking tickets;

2. Responses, by parties only (not by nonparties), to Interrogatories compliant with Local Civil Rule 33.3 (which has been appended to page 4);

3. An inventory of the Vehicle, only if it exists;

4. The location and general condition of the Vehicle;

5. The "official bill" for the Vehicle, meaning documentation describing the payment required to recoup the Vehicle at the time of seizure.

Plaintiff's request for discovery beyond the five categories listed above (see ECF Nos. 34, 42) is DENIED.

### III. Conclusion

The Motion to Stay is GRANTED IN PART AND DENIED IN PART. Discovery is STAYED pending the Court's ruling on the Motion to Dismiss except as to the five categories of discovery listed above.

The Clerk of Court is respectfully directed to close ECF No. 38 and to mail this order to Plaintiff at the address below.

Dated:   New York, New York
         November 19, 2020

                                                    SO ORDERED

                                                    _____
                                                    SARAH L. CAVE
                                                    United States Magistrate Judge

**Mail to**:   Leon G. Tsinberg
               521 East 3rd Street
               Mount Vernon, New York 10553

**Local Civil Rule 33.3. Interrogatories (Southern District Only)**

(a) Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

(b) During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court.

(c) At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise.